**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **AMJAD MUTIE KATTOM** **#045227170** | **CIVIL ACTION NO. 25-1497 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **PAMELA BONDI ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 13), filed by habeas petitioner, Amjad Mutie Kattom ("Petitioner"). After careful consideration of Petitioner's submissions and the applicable law, the Motion is **DENIED**.

Petitioner filed the instant Motion once Petitioner was informed on November 17, 2025, "that ICE/ERO officials [were] preparing to transfer him to another detention facility."[1] Petitioner seeks to enjoin the Government "from transferring or removing him during the pendency of his habeas corpus proceeding."

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest.[2]

---

[1] R. Doc. 13 at 1; *see also* R. Doc. 13-1 at 1.
[2] *See Misquitta v. Warden Pine Prairie ICE Processing Center*, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)).

The decision of whether to grant or deny a TRO lies in the district court's discretion.[3] And courts should deny such motions more often than not.[4]

Here, Petitioner fails to satisfy the first element required for this Court to grant his Motion. In his Motion, Petitioner alleges that his transfer "would cause immediate and irreparable harm" as it would impair his ability to properly and timely litigate his case and "risk mooting or undermining the Court's ability to provide meaningful relief."[5]

The Court does not agree. Petitioner has failed to show how he would be effectively deprived of timely and adequately litigating his case if transferred to another facility. Petitioner's argument that this Court's jurisdiction begins and ends with his presence in this district is misplaced. A federal court's jurisdiction is "not destroyed by the transfer of [a] petitioner" as "jurisdiction attache[s]" upon the filing of a habeas petition.[6] The fact that Petitioner may arrive at a new facility located within the United States has no bearing on this Court's jurisdiction. Thus, even if

---

[3] *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).

[4] *See Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *see also Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

[5] *See* R. Doc. 13-1 at 3.

[6] *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) (jurisdiction attaches upon the filing of a habeas petition); *see also Sambissa as next friend of Sambissa v. Noem*, No. EP-25-CV-00237-DCG, 2025 WL 2946619, at *3 (W.D. Tex. Aug 31, 2025) (holding that a detainee's post-filing relocation did not divest the court of jurisdiction); *see also Oliveira v. Patterson*,  No. 6:25-CV-01463, 2025 WL 3091705, at *1 (W.D. La. Oct. 9, 2025) (ruling that the transfer of a petitioner to another facility located within the United States does not affect a court's jurisdiction).

Petitioner is relocated to another facility, this Court's jurisdiction will remain over his habeas petition.

**Legal Authority Cited by Petitioner**

Within Petitioner's Law and Argument Section of his Memorandum in Support of his Motion, Petitioner cites to several cases from the United States Supreme Court, the United States Fifth Circuit Court of Appeals, and the Western District of Louisiana. The Court will take each in turn.

1. Petitioner first cites to *Ex parte Endo*, 323 U.S. 283, 306 (1944). *See* R. Doc. 13-1 at 2. The quote provided in his Motion does not appear in the Supreme Court's opinion.

2. Petitioner cites to *Nken v. Holder*, 556 U.S. 418, 435 (2009). *See* R. Doc. 13-1 at 4. The quote provided in his Motion does not appear in the Supreme Court's opinion.

3. Petitioner cites to *Texas v. United States*, 809 F.3d 134, 187 (5th Cir. 2015). *See* R. Doc. 13-1 at 4. The quote cited in his Motion does not appear in the Fifth Circuit's opinion.

   Petitioner also cites to three cases from this Court.

1. *Dada v. Witte*, No. 20-cv-00441, 2020 WL 1643647, at 6 (W.D. La. Apr. 2, 2020). *See* R. Doc. 13-1 at 2, 3.

2. *Villatoro Chavez v. Witte*, No. 20-cv-1376, 2020 WL 4754683, at 4 (W.D. La. Aug. 14, 2020). *See* R. Doc. 13-1 at 2.

3. *Nguyen v. Brott*, No. 6:18-cv-00733, 2019 Wl 2145650, at 3 (W.D. La. May 16, 2019). *See* R. Doc. 13-1 at 3.

The problem with these cases is that they do not exist. None of these cases as cited can be located by docket number, Westlaw citation, or case name.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's counsel, Kenneth A. Mayeaux, shall provide a true and accurate copy of the cases listed above no later than 12:00 p.m. on **Friday, November 21, 2025**.

**IT IS FURTHER ORDERED** that, if the undersigned is unable to provide the aforementioned cases, then by **Monday, November 24, 2025,** he shall show cause in writing why he should not be sanctioned pursuant to (1) Fed. R. Civ. P. 11(b), (c) and (2) 28 U.S.C. § 1927.

**THUS DONE AND SIGNED** in Chambers this 18th day of November, 2025.


_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**