# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **AMJAD MUTIE KATTOM #045227170** | **CIVIL ACTION NO. 25-1497 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **PAMELA BONDI ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## ORDER AND REASONS

The Court ordered Kenneth Mayeaux ("Mayeaux"), counsel for Petitioner, to show cause why he should not be sanctioned pursuant to (1) Fed. R. Civ. P. 11(b), (c) and (2) 28 U.S.C. § 1927 for filing a Motion for Temporary Restraining Order and accompanying Memorandum without verifying the accuracy of the citations therein. *See* R. Doc. 14 at 4. Specifically, as summarized in this Court's Order (R. Doc. 14), Mayeaux cited several incorrect quotations and to cases that did not exist. *See id.* at 3–4. The Court must now address the applicable sanctions for Mayeaux's hallucinated cases. Having carefully considered Mayeaux's submissions and the applicable law, this Order follows.

On December 8, 2025, Mayeaux responded to this Court's Order. R. Doc. 17. At the outset, Mayeaux took responsibility and acknowledged the seriousness of his actions. *See id.* at 1, 6. Mayeaux informed the Court that Petitioner contacted Mayeaux in the late afternoon of November 17, 2025. *See id.* at 2. Based on Petitioner's representations during this conversation and Mayeaux's previous experience, Mayeaux believed that Petitioner's removal was imminent. *See id.* Thus,

Mayeaux began drafting the Motion for Temporary Restraining Order to prohibit Petitioner's removal, *see id.* at 3, which was filed on the morning of November 18, 2025. *See* R. Doc. 13. Mayeaux used ChatGPT, an artificial-intelligence ("AI") tool, to draft the memorandum in support of Petitioner's Motion. *See* R. Doc. 17 at 4. Despite never having used generative AI, Mayeaux understood the risks associated with its use, including the potential for generating inaccurate or fabricated legal authority. *See id.* Mayeaux now admits to not fully vetting or verifying the governing law or the citations within the submitted memorandum. *See id.* He also asserts that he should be sanctioned but in a proportional sense, given that "he acted without deceptive intent, corrected the error immediately upon discovery, [took] steps to prevent recurrence, and has extreme remorse for his actions."[1] *See id.* at 6. Mayeaux requests that, in light of these mitigating factors, the Court impose a $1,000 sanction. *See id.* at 12–13.

Now, like many other district courts in the Fifth Circuit, the Court is "buden[ed] [with] addressing AI hallucinations in court filings." *Fletcher v. Experian Info. Sols., Inc.*, No. 25-20086, 2026 WL 456842, at *2 (5th Cir. Feb. 18, 2026) (collecting cases). Regardless of whether a lawyer uses AI or not, the lawyer's duty remains unchanged as he "must 'ensure that the legal propositions and authority generated are trustworthy.'" *See id.* (quoting *ByoPlanet Int'l, LLC v. Johansson*, 792 F. Supp. 3d 1341, 1347 (S.D. Fla. 2025)). Just as the duty remains unchanged, so too

---

[1] Specifically, Mayeaux assets that "[h]e has undertaken concrete remedial measures, including enrolling in CLEs on AI-assisted legal practice, review of governing ethical guidance, and developing strengthened verification protocols to ensure that all authorities are independently confirmed before filing …." *See id.* at 12.

do the standards for assessing sanctions applicable to a lawyer's use of hallucinated cases. *See id.* at **5–6 (internal citations and quotations omitted); *see also Lee v. R&R Home Care, Inc.*, No. CV 24-836, 2025 WL 2481375, at **2–4 (E.D. La. Aug. 28, 2025) (reviewing Federal Rule of Civil Procedure 11's governance of sanctions and ordering a $1,000 sanction for attorney's use of hallucinated cases).

The Court commends Mayeaux for his candor, honesty, and the remedial measures he has undertaken since the filing of the underlying Motion. But these mitigating factors do not excuse Mayeaux's conduct. At minimum, Rule 11 requires attorneys to verify the accuracy of submissions to the Court. See *Nora v. M & A Transp., Inc.*, No. CV 25-1015, 2025 WL 2337132, at *3 (E.D. La. Aug. 13, 2025) ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely.") (internal citations and quotations omitted). In its discretionary authority under Rule 11[2], the Court will impose a monetary sanction in the amount of $1,000.

---

[2] Rule 11(b) provides that an attorney's signature on a written motion represents that the attorney's claims or legal contentions were warranted by existing law. *See* Fed. R. Civ. P. 11(b)(2). Upon a violation of Rule 11(b), Rule 11(c) provides discretion to the Court to issue an appropriate sanction on the attorney. *See* Fed. R. Civ. P. 11(c)(1).

**IT IS ORDERED** that Kenneth A. Mayeaux is personally **SANCTIONED** for his conduct in this case in the amount of $1,000. This amount must be paid by Mayeaux personally and may not be paid by his law firm.

**IT IS FURTHER ORDERED** that the sanction is to be paid by Friday, April 3, 2026, at 5:00 p.m. to:

Clerk, United States District Court, Western District of Louisiana,
515 Murray Street, Suite 105 Alexandria, Louisiana 71301

**THUS DONE AND SIGNED** in Chambers this 6th day of March, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**